1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALEXANDER OCASIO, | ) | Case No. 2:16-cv-00956-GMN-NJK |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| OFFICER PEREZ, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on April 27, 2016. Docket No. 1-1.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a Court additionally screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When

1  a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

2  complaint with directions as to curing its deficiencies, unless it is clear from the face of the

3  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d

4  1103, 1106 (9th Cir. 1995).

5          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

6  for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

7  essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d

8  719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the

9  claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

10  *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations,

11  it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

12  of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286

13  (1986)). The court must accept as true all well-pled factual allegations contained in the complaint,

14  but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals

15  of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at

16  678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to

17  plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se*

18  complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Hebbe v.*

19  *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings

20  is required after *Twombly* and *Iqbal*).

21          Given Plaintiff's status as a *pro se* litigant, the Court has construed his complaint liberally.

22  Plaintiff frames his claims as being brought pursuant to 42 U.S.C. § 1983. To state a claim under §

23  1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been

24  violated, and the deprivation was committed by a person acting under color of law.  *See Anderson*

25  *v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  With respect to Defendants Perez and Gribon,

26  Plaintiff alleges that they acted under color of law as police officers for the College of Southern

27  Nevada.  *See* Docket No. 1-1 at 2.  Broadly speaking, Plaintiff alleges that Defendants Perez and

28  Gribon falsely arrested him without probable cause.  *See id.*  Allegations that a plaintiff was arrested

1    without probable cause may establish a violation of the Fourth Amendment, which may in turn form

2    the basis of a § 1983 claim. *See, e.g.*, *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012).[1]

3    While the complaint is short on details, including the lack of probable cause, the Court finds the

4    complaint sufficient for screening purposes.

5         Plaintiff also brings a claim against Dr. Bradley Gruner, alleging that he refused to process

6    Plaintiff's complaint that his accuser violated the student code and that he did so on the basis of race.

7    *See* Docket No. 1-1 at 3.  The equal protection clause of the Fourteenth Amendment is designed to

8    prevent intentional and arbitrary discrimination. *See Engquist v. Or. Dept. of Ag.,* 553 U.S. 591, 611

9    (2008) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  The equal protection

10   clause requires "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne*

11   *Living Ctr.*, 473 U.S. 432, 439 (1985).  "To state a claim under 42 U.S.C. § 1983 for a violation of

12   the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants

13   acted with an intent or purpose to discriminate against the plaintiff based upon membership in a

14   protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998).  The complaint alleges

15   that, acting under the color of law through his position at the College of Southern Nevada, Dr.

16   Gruner refused to allow Plaintiff to process a complaint despite allowing a similarly situated white

17   student to do so.  Once again, the complaint is short on details, but for purposes of screening this *pro*

18   *se* complaint, the Court finds the allegations sufficient at this stage to allow the case to move

19   forward.

20        It may be that Plaintiff intended to bring claims in addition to the Fourth Amendment and

21   Fourteenth Amendment claims outlined above. *See, e.g.*, Docket No. 1-1 at 3 (referring to an alleged

22   due process violation).  Having found that Plaintiff's complaint is sufficient for screening purposes

23   with respect to at least one claim against each Defendant, however, the Court declines to address any

24   additional claims that may be present in the complaint. *See, e.g., Jenkins v. Lab. Corp. of Am.*, 2013

25   U.S. Dist. Lexis 118008, *6 n.1 (D. Nev. Aug. 20, 2013).  Moreover, nothing herein should be

26   construed as preventing Defendants from filing a motion to dismiss once they have appeared on any

27

28       [1] Plaintiff also alleges that all charges against him were resolved in his favor. *See id.* at 3.

1   grounds they deem appropriate, including whether Plaintiff has sufficiently stated a claim.  *See*

2   *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); *see also Bem v. Clark Coutny Sch.*

3   *Dist.*, 2015 U.S. Dist. Lexis 7757, *6 n.1 (D. Nev. Jan. 21, 2015).

4   **III.    Conclusion**

5           Based on the foregoing and good cause appearing, therefore, **IT IS ORDERED** that:

6           1.      Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not

7                   be required to pay the filing fee.  Plaintiff is permitted to maintain this action to

8                   conclusion without the necessity of prepayment of any additional fees or costs or the

9                   giving of a security therefor.  This Order granting leave to proceed *in forma pauperis*

10                  shall not extend to the issuance and/or service of subpoenas at government expense.

11          2.      The Clerk of the Court shall file the Complaint and shall issue Summons to

12                  Defendants, and deliver the same to the U.S. Marshal for service.  Plaintiff shall have

13                  twenty days in which to furnish the U.S. Marshal with the required Form USM-285.

14                  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-

15                  285, showing whether service has been accomplished, Plaintiff must file a notice

16                  with the court identifying whether defendant was served.  If Plaintiff wishes to have

17                  service again attempted on an unserved defendant, a motion must be filed with the

18                  court identifying the unserved defendant and specifying a more detailed name and/or

19                  address for said defendant, or whether some other manner of service should be

20                  attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service

21                  must be accomplished within 90 days from the date this order is entered.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

3.      From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

Dated: June 6, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

- 5 -